NOONAN, Circuit Judge,
dissenting:
Really the only evidence to which the majority points to support its conclusion is the speed with which the shooting of Andy was accomplished. Could a reasonable juror infer from that fact that Len had beyond a reasonable doubt the intention to abet the shooting? That the two boys had had a fight; that Len had recruited help to get back at Andy; that Len and his friends conferred; that his friends had a gun and access to a supply of guns; that his friends waited for him; that they fled together— none of these facts proves or tends to prove Len guilty of murder in the first degree.
That Len himself was a gang member was not proved, and in oral argument to us the state declared that there was “no direct evidence of such membership,” but that it “could be inferred” that Len was at least “associated” with gang members. The state referred to Nhat and Si’s interrogations and Ahn Phan’s statement that “Si’s friends were members of MAC” to support this inference. The state provided no evidence of Len having a gang affiliation. An inference that Len was a gang member is speculative.
Neither did the state prove that Len knew about Si’s firearm. The state claims Len must have known of Si’s weapons since Len called Si for assistance. The state cites the sheer number of weapons maintained by Kiet and Si to be evidence of Len’s knowledge. Neither of the state’s speculations are evidence of Len’s knowledge.
Len neither produced the gun nor fired the shot. His entry of the house with the other three does not by itself show an intent to kill Andy. The shooting began almost immediately. How beyond a reasonable doubt could any rational trier of fact decide what Len’s intent was when the shooting began?
Len was also convicted of attempted murder. On this crime the trial court had instructed the jury:
One who aids and abets the other in the commission of the crime or crimes is not only guilty of those crimes but is also guilty of any other crime committed by a principal^] which is a natural and probable consequence of the crime or crimes originally aided and abetted.
The state appellate court affirmed.
It is apparent that the error in Len’s conviction of first degree murder also in *132 fected this instruction so that being found to be an abettor of murder, he was found by the jury to be an abettor of attempted murder.
Deferential as I am required to be to the state court and respectful as I am of the judgment of my two colleagues, I am not able to conclude that Len’s guilt of first degree murder or of attempted murder was proved beyond a reasonable doubt.
Reaching this conclusion, I do not question the rationality of the state judges nor of the district judge nor of my two colleagues, all of them judges who found the evidence against Len enough to prove him guilty beyond a reasonable doubt. To judge the reasonableness of a result reached by a court a judge most certainly must consider the views of other judges but in his own resolution of the question must form his own judgment of what is reasonable.